IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **LEE HANK TOWNSEND, III,** <br> Plaintiff, <br> v. <br><br> **MGT OF AMERICA, MGT FINANCIAL SERVICES, LLC,** <br> Defendant. | ) CASE NUMBER: 4:16-cv-00298 <br> ) <br> ) <br> ) **Judge Robert L. Hinkle** <br> ) <br> ) **Magistrate Judge Charles A. Stampelos** <br> ) |

**CONSENT ORDER GOVERNING CONFIDENTIAL MATERIALS AND DISCOVERY OF ELECTRONICALLY-STORED INFORMATION**

The parties have stipulated and agreed to entry of this consent order, which meets the Court's approval. Therefore it is ORDERED as follows:

**PROTECTIVE ORDER**

1. This Order shall extend to any documents designated as "CONFIDENTIAL" according to the terms and provisions set out below. The Order shall further extend to any document produced by any party, which document contains trade secrets, proprietary information and/or is otherwise privileged. Any such materials shall be designated as "CONFIDENTIAL" according to the procedures set forth below by the party in possession of said materials before they are disclosed, or retroactively, to any other party or individual permitted by this Order as set forth below.

2.      All confidential information in this case shall be kept confidential by the parties and used solely for the purpose of investigating the claims and defenses asserted in this matter and for no other purpose. In no event shall any confidential information produced, generated, or disclosed in this case be used directly or indirectly for commercial or competitive purposes, publicly disclosed, or used in any other investigation or litigation, other than in conjunction with the investigation of the claims and defenses asserted in this matter.

3.      If any answer given or document produced in response to any discovery in this case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL." Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order. The designation of any information as "CONFIDENTIAL" shall be made narrowly and in good faith.

4.      This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information.

5.      The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label or other mark of the word "CONFIDENTIAL" on each page of the document and/or a cover page identifying a series of documents which the designating party wishes to designate as confidential. All documents so

designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party, although such labeling may be done retroactively by reproducing such documents with the designated "CONFIDENTIAL" label. Any and all financial records received by virtue of responses to subpoena or by production requests supplied by either party shall be assumed confidential and no designation as "CONFIDENTIAL" is necessary for purposes of this order.

      6.     The parties may designate portions of deposition testimony as" CONFIDENTIAL" by so designating such testimony before, during or after the deposition. If testimony is designated as "CONFIDENTIAL," the designating party will clearly state on the record the reason for such designation. Simply denominating testimony as confidential is insufficient for purposes of this Order. The designation of testimony as confidential will not render the entire deposition as confidential. Only the specific portion of the testimony will receive a preliminary confidential designation. If testimony is designated as confidential following the deposition, said designation must be made no later than thirty (30) days after receipt of said deposition transcripts. Within those 30 days, the proponent of confidential treatment of all or any portion of the deposition shall serve on all counsel of record a designation of confidentiality that identifies by page those pages to be marked, in a manner which will not interfere with their legibility, with the word "CONFIDENTIAL." Any court reporter or videographer who transcribes or records

testimony in this action at a deposition shall agree, before transcribing or recording any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or recording or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record, or filed under seal with the Court.

7. Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the trier of fact, the parties, their attorneys, witnesses or potential witnesses (including expert witnesses) and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity.

8. If any party or attorney for any party in this litigation desires to give, show, make available or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, the trier of fact, a party, or a party's counsel and staff, such as to any witness, potential witness and/or expert witness, the attorney or party shall first give a copy of this Protective Order to such person, who shall read this Protective Order, be fully familiar with its provisions, and execute the attached affirmation.

9. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as

to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date, as long as the producing party or person, promptly after discovery of the inadvertent production without a "CONFIDENTIAL" designation, notifies the other party or parties of the inadvertent production. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order. After a belated designation has been made, however, the relevant materials or testimony shall be treated as confidential in accordance with this Order. A party that inadvertently discloses confidential information shall give notice of an inadvertent disclosure within 10 days after discovery of such inadvertent disclosure.

10. The Protective Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection, as long as the producing party or person, promptly after discovery of the inadvertent production, notifies the other party or parties of the claim of privilege or other protection or immunity. A party that inadvertently discloses material protected by privilege, work-product protection or other protection shall give notice of the inadvertent disclosure within 10 days after discovery of such inadvertent disclosure. Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information

referred to and notify the producing party or person that it has done so. Such destruction and notice shall not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to protection or immunity.

11. With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, counsel may move the Court for an Order denying confidential treatment to the documents or information in question. If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion. The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment.

12. Before filing any information that has been designated "CONFIDENTIAL" with the Court, or any pleadings, motions, or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within ten (10) days of service of such notice, the party desiring that the

materials be maintained under seal shall file with the Court a Motion to Seal the documents designated "CONFIDENTIAL."

13. After the termination of this litigation, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL" or material contained herein have been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of the Court. Further, all documents designated as "CONFIDENTIAL," including all copies which may have been disclosed to expert witnesses, shall be returned to the party producing it or destroyed, with a written certificate of such destruction being provided by counsel for the receiving party, within thirty (30) days of the disposition of all claims and defenses in that litigation, whether by settlement, judgment or otherwise.

14. This Protective Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege.

15. Nothing in this Protective Order shall preclude any of the parties from otherwise seeking a modification of this Protective Order through motions made before this Court.

16. At the conclusion of this litigation, the Court shall retain jurisdiction in the case for enforcement of this Order.

This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court. The Court may amend, modify or dissolve this Protective Order at any time.

SO ORDERED on February 8, 2017.

                                               s/Robert L. Hinkle
                                               United States District Judge